Jory C. Ruggiero, Esq.
Maxwell E. Kirchhoff, Esq.
WESTERN JUSTICE ASSOCIATES, PLLC
303 W Mendenhall, Suite 1
Bozeman, MT 59715
Tel:   (406) 587-1900
Fax:   (406) 587-1901
jory@westernjusticelaw.com
max@westernjusticelaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CRAIG DEL GRANDE, JILL DEL GRANDE and WAHOO INVESTMENTS NETWORK dba WIN, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WINDRIVER TRISTAR, LLC, SATORI PEAK, INC., TRISTAR IRREVOCABLE TRUST, BRAD JENSEN AND HEATH JOHNSTON AS TRUSTEES OF TRISTAR IRREVOCABLE TRUST, TIOGA CAPITAL, LLC, CEDAR CORNERS MANAGEMENT, LLC, BRAD JENSEN, HEATH JOHNSTON, MCKAY JOHNSTON, and JOHN DOES 1-20.<br><br>Defendants. | Case No.: CV-21-17-BU-BMM<br><br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>and<br><br>**DEMAND FOR JURY TRIAL** |

The Plaintiffs, Crag and Jill Del Grande and Win, Inc., allege as follows in support of their Complaint against Defendants:

## I. INTRODUCTION

1. The Plaintiffs, Craig and Jill Del Grande, hereinafter the "Del Grandes" and Wahoo Investments Network, Inc., doing business as Win, Inc., hereinafter "Win, Inc.," are and, at all times relevant to this action, have been residents of Gallatin County, Montana.

2. Win, Inc., is a closely held corporation registered to do business in Montana. The Principal of Win, Inc., is Craig Del Grande.

3. Windriver Tristar, LLC, hereinafter Wind River Tristar, is a limited liability company registered in the State of Utah.

4. Satori Peak, Inc., hereinafter Satori Peak, is a corporation registered in the State of Utah.

5. Upon information and belief, Tristar Irrevocable Trust, hereinafter Tristar Trust, is an irrevocable trust based in the State of Utah.

6. Upon information and belief Brad Jensen and Heath Johnston are the Trustees of Tristar Trust.

7. Upon information and belief, Tioga Capital, LLC, hereinafter Tioga Capital, is a limited liability company based in the State of Utah.

8. Upon information and belief, Cedar Corners Management, LLC, hereinafter Cedar Corners, is a limited liability company based in the State of Utah.

9. Upon information and belief, Brad Jensen and Heath Johnston are, and have been, Principals of Windriver Tristar, Satori Peak, Tioga Capital, and Cedar Corners. Upon information and belief, Brad Jensen and Heath Johnston are residents of the State of Utah. Upon information and belief McKay Johnston is a resident of the State of Utah.

10. At all times mentioned, each of Windriver Tristar, Satori Peak, Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston were the representative, agent, employee, joint venturer, alter ego, or extension of the others, and in doing the things alleged herein were acting within the scope of their authority as such. Specifically, each Defendant was but an instrumentality or conduit of the other in the prosecution of a single venture, namely, negligently and fraudulently avoiding a judgment owed to the Del Grandes and Win, Inc., as alleged herein. Therefore, it would be inequitable for any Defendant to escape liability for an obligation avoided for the wrongful benefit of all Defendants.

11. Upon information and belief, Windriver Tristar is a mere sham, an extension of Heath Johnston and/or Brad Jensen and/or McKay Johnston, acting as the alter ego of Windriver Tristar.

12. Upon information and belief, Satori Peak is a mere sham, an extension of Brad Jensen and/or Heath Johnston, acting as the alter ego of Satori Peak.

13. Upon information and belief, Tioga Capital is a mere sham, an extension of Brad Jensen and/or Heath Johnston, acting as the alter ego of Tioga Capital.

14. Upon information and belief, Cedar Corners is a mere sham, an extension of Heath Johnston and/or Brad Jensen, acting as the alter ego of Cedar Corners.

15. John Does 1-20 are individuals or business entities, unknown to the Del Grandes and Win, Inc., who may be responsible for the damages alleged herein.

16. The Del Grandes and Win, Inc., are proper parties to bring this action in that justiciable controversies exist as set forth below between these Plaintiffs and these Defendants.

17. Venue is proper in the Montana District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2). The Montana District Court, Butte Division is

the location in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

18. Jurisdiction is proper pursuant to 28 U.S.C.§ 1332(a)(1). Further, Windriver Tristar, Satori Peak, Tristar Trust, Brad Jensen & Heath Johnston as Trustees of Tristar Trust, Heath Johnston, Brad Jensen, McKay Johnston, Tioga Capital and Cedar Corners engaged in conduct resulting in accrual within Montana of a tort action.

## II. GENERAL ALLEGATIONS

19. On March 21, 2019, a $488,363.15 judgment in this Judicial District ("Judgment") was entered jointly and severally against Defendants Windriver Tristar, Satori Peak, Tristar Trust, and Brad Jensen & Heath Johnston as Trustees of Tristar Trust ("Defaulted Entities").

20. The Judgment specified that the Defaulted Entities owe damages to Plaintiff Craig Del Grande in the amount of $443,205.47, and the Defaulted Entities owe damages to Plaintiff Jill Del Grande in the amount of $45,157.68.

21. Shortly after the Judgment was entered, the undersigned filed a copy of the same in the 4th Judicial District Court of Utah for purposes of collection.

22. The Defaulted Entities made no assurances to Plaintiffs that they intended to satisfy the Judgment. The Defaulted entities explained on at least September 20, 2019, and September 22, 2020 that they have little or no assets.

23. Plaintiffs propounded depositions and documentary discovery to the Defaulted Entities for the purposes of identifying what assets the Defaulted Entitles possess to satisfy the Judgment.

24. Bank statements show that Windriver Tristar received over $1,009,430.42 in deposits after the Judgment.

25. Bank statements show that Satori Peak received over $1,319,697.95 in deposits after the Judgment.

26. Financial statements show that Tristar Trust owned property valued at roughly $375,000 before and after the Judgment.

27. Windriver Tristar admitted in binding 30(b)(6) testimony that it blends and combines its obligations with that of Heath Johnston's son, McKay Johnston. Indeed, on April 22 and August 20, 2019, McKay Johnston deposited thousands of dollars into Windriver Tristar's bank account to pay Windriver Tristar's "rent due."

28. Windriver Tristar admitted in binding 30(b)(6) testimony that, through its principals Heath Johnston and Brad Jensen, it blends and combines its obligations with that of Satori Peak, through Satori Peak's principal, Brad Jensen.

29. Windriver Tristar admitted in binding 30(b)(6) testimony that on April 30, 2019, it payed $250,000 to an entity known as "Slik, LLC" which is part of the "Oil Well Group," as a "payment."

30. Windriver Tristar admitted in binding 30(b)(6) testimony that, through its principals Heath Johnston and Brad Jensen, it blends and combines its obligations with that of Tioga Capital, through Tioga Capital's principals, Heath Johnston and Brad Jensen.

31. On June 21, 2019, Tioga Capital, through its principals Heath Johnston and Brad Jensen, deposited $250,000 into Windriver Tristar's bank account to help "cover [Windriver Tristar's] bills that needed to be paid."

32. On July 19, 2019, Tioga Capital, through its principals Heath Johnston and Brad Jensen, deposited $250,000 into Windriver Tristar's bank account "to help cover [Windriver Tristar's] bills."

33. Satori Peak admitted in binding 30(b)(6) testimony that, through its principals Heath Johnston and Brad Jensen, it blends and combines its obligations

with that of Cedar Corners, through Cedar Corners' principals, Heath Johnston and Brad Jensen.

34. On April 1, 2019, Cedar Corners, through its principals Heath Johnston and Brad Jensen, deposited $10,500 into Satori Peak's bank account to cover Satori Peak's title work.

35. Satori Peak admitted in binding 30(b)(6) testimony that, through its principals Heath Johnston and Brad Jensen, it blends and combines its obligations with that of Tioga Capital, through Tioga Capital's principals, Heath Johnston and Brad Jensen.

36. On April 8, 2019, Tioga Capital, through its principals Heath Johnston and Brad Jensen, deposited $108,000 into Satori Peak's bank account. Those funds were then forwarded to Heath Johnston and Brad Jensen's other business entities: Desert Peak Management Group, and Ridgepoint Management.

37. On April 26, 2019, Tioga Capital, through its principals Heath Johnston and Brad Jensen, deposited $180,000 into Satori Peak's bank account to "satisfy [Satori Peak's] payments."

38. On April 30, 2019, Tioga Capital, through its principals Heath Johnston and Brad Jensen, deposited $350,000 into Satori Peak's bank account to help Satori Peak make payments.

39. On May 14, 2019, Satori Peak paid $9,000 to its principal Brad Jensen, to cover Brad Jensen's unspecified and unrelated personal expenses. On May 15, 2019, Satori Peak paid $7,000 to its principal Brad Jensen, to cover Brad Jensen's unspecified and unrelated personal expenses. On June 19, 2019, Satori Peak paid $10,450 to its principal Brad Jensen, to cover Brad Jensen's unspecified and unrelated personal expenses. On August 8, 2019, Satori Peak paid $3,125 to its principal Brad Jensen, to cover Brad Jensen's unspecified and unrelated personal expenses. Satori Peak paid Brad Jensen additional money for his unspecified and unrelated personal expenses on August 10, 23, November 4, 5, 8 and 26.

40. The above referenced transactions are representative of dozens of other similar transactions that occurred among Defendants after the Judgment. Heath Johnston and Brad Jensen individually and as principals of Windriver Tristar, Satori Peak, Tristar Trust, Tioga Capital and Cedar Corners disregard corporate formalities whenever convenient. Heath Johnston and Brad Jensen individually and as principals of Windriver Tristar, Satori Peak, Tristar Trust, Tioga Capital and Cedar Corners commingle funds and blur obligations among their various corporate entities.

41. Upon information and belief, McKay Johnston commingles funds with Wind River Tristar and blurs Windriver Tristar obligations with his own.

42. Windriver Tristar, Satori Peak, Tristar Trust, and Heath Johnston and Brad Jensen as trustees of Tristar Trust, have avoided satisfying the Judgment by fraudulently transferring assets among themselves and their various corporate entities.

43. As explained above, each of Windriver Tristar, Satori Peak, Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston were the representative, agent, employee, joint venturer, alter ego, or extension of the others, and in doing the things alleged herein were acting within the scope of their authority as such. Specifically, each Defendant was but an instrumentality or conduit of the other in the prosecution of a single venture, namely, negligently and fraudulently avoiding the Judgment. As such, the debts owed to the Del Grandes by the Defaulted Entities must be extended to each of Windriver Tristar, Satori Peak, Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston.

## III.  CLAIMS FOR RELIEF

## COUNT ONE—FRAUDULENT TRANSFER and CONSPIRACY

44. Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

45. Plaintiffs' claims for fraudulent transfer arise under Montana's Uniform Fraudulent Transfers Act ("MUFTA"), at § 31-2-326 MCA *et seq*.

46. Under MUFTA, Plaintiffs are creditors who have a "claim." Plaintiffs' claims are the rights to payment of the Judgment against the Defaulted Entities.

47. Under MUFTA, the Defaulted Entities are "debtors" (entities who are liable on a claim) who have "debts" (liabilities on claims) to Plaintiffs pursuant to the Judgment.

48. Tioga Capital, Cedar Corners, Brad Jensen and Heath Johnston are alter egos of the Defaulted Entities.  McKay Johnston is an alter ego of Windriver Tristar.

49. Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston permitted certain assets to be transferred in and out of accounts owned by the Defaulted Entities in order to make good on some debts, but to avoid Plaintiffs' claim.  Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and

McKay Johnston routinely deposited monies into the Defaulted Entities' accounts only to have such monies immediately withdrawn to satisfy bills, debts, payments, and personal expenses unrelated to Plaintiffs' claim.

50. The Defaulted Entities have intentionally avoided satisfying the Judgment. The Defaulted Entities have the right to call upon and make use of assets owned by Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston. The Defaulted Entities have used their right to call upon and make use of the assets owned by Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston to satisfy hundreds of thousands of obligations other than the Judgment. The Defaulted Entities call on the assets of Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston, and as soon as the assets are deposited, the Defaulted Entities transfer the funds to other individuals or entities in order to avoid Plaintiffs' Judgment.

51. Upon information and belief, the transfers made to and from the Defaulted Entities' bank accounts have been conducted with the actual intent to hinder, delay, and/or defraud the Plaintiffs.

52. A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means. A civil conspiracy may be

shown by: (1) two or more persons, and for this purpose a corporation may be a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result.

53. As evidenced by the Defaulted Entities' bank statements, Defendants have wrongfully and fraudulently transferred assets in and out of the Defaulted Entities' accounts in order to selectively avoid Plaintiffs' Judgment and prioritize Defendants' or the Defaulted Entities' other obligations.

54. Defendants acted in concert to knowingly and/or purposefully transfer assets through the Defaulted Entities' accounts and to avoid Plaintiffs' Judgment.

55. Defendants conspired to transfer assets through the Defaulted Entities' accounts and to avoid Plaintiffs' Judgment.

56. Upon information and belief, Defendants agreed to the object of avoiding satisfying the Judgment, but to satisfy other obligations, by commingling assets and by quickly moving money in and out of the Defaulted Entities' accounts.

57. Plaintiffs have suffered damages as a result of Defendants' actions.

58. Plaintiffs are entitled to unwind all the fraudulent transfers out of the Defaulted Entities' accounts.

## COUNT TWO—DECEIT

59.     The Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

60.     Pursuant to § 27-1-712, MCA, the Defaulted Entities had a duty to abstain from willfully deceiving the Plaintiffs.

61.     Tioga Capital, Cedar Corners, Brad Jensen and Heath Johnston are alter egos of the Defaulted Entities.  McKay Johnston is an alter ego of Windriver Tristar.

62.     After the Judgment, the Defaulted Entities have made statements to Plaintiffs that they have limited and/or no assets.

63.     In truth, the assets of Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston are routinely used to satisfy the debts and obligations of the Defaulted Entities, and vice versa.

64.     The Defaulted Entities hid from Plaintiffs, their ability to call upon and make use of the assets of Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston to satisfy their debts and obligations.

65.     As a result, the Defaulted Entities breached their duty to abstain from willfully deceiving the Plaintiffs.  The Defaulted Entities gained a monetary advantage through their deceit, by at least avoiding the Judgment.

66. Plaintiffs have suffered damages as a result of Defendants' conduct.

### COUNT THREE—CONSTRUCTIVE FRAUD AND ACTUAL FRAUD

67. The Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

68. Tioga Capital, Cedar Corners, Brad Jensen and Heath Johnston are alter egos of the Defaulted Entities. McKay Johnston is an alter ego of Windriver Tristar.

69. On or about September 20, 2019, and September 22, 2020 at 12:33am mountain time, the Defaulted Entities represented and stated to Plaintiffs that they have "limited" and "few" assets. These statements were false and untrue. In truth and fact, the Defaulted Entities knew they could call upon and make use of the assets of Tioga Capital, Cedar Corners, Brad Jensen, Heath Johnston and McKay Johnston. The Defaulted Entities knew the statements about their "limited" and "few" assets were false when made. Plaintiffs believed these statements so made by the Defaulted Entitles as true, and relied on them and were thereby induced to temporarily refrain from executing the Judgment.

70. As a direct and proximate result of Defendants' constructive fraud and actual fraud, Plaintiffs suffered damages.

## COUNT FOUR—PUNITIVE DAMAGES

71. Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

72. Defendants have intentionally avoided the Judgment to the detriment of Plaintiffs. In so doing, Defendants have committed the torts of fraud, constructive fraud, deceit, conspiracy, and fraudulent transfer. Defendants knew that such conduct would harm Plaintiffs.

73. This conduct constitutes actual malice as defined § 27-1-221, MCA, and justifies imposition of punitive damages in an amount sufficient, in view of the size and wealth of Defendants, to make an example of their conduct and to deter similar wrongful actions by other businesses and individuals.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court grant the following relief:

1. Determine that Defendants are liable for compensatory damages in an amount that is fair and reasonable for all injuries alleged herein;

2. For a reasonable sum of money to compensate Plaintiffs for attorney fees and costs incurred incident to the prosecution of this claim pursuant to any applicable law;

3. That the Court award Plaintiffs punitive damages;

4. That the Court unwind any transfers out of the Defaulted Entities' accounts that could have and should have been used to satisfy the Judgment;

5. That the Court grant an injunction prohibiting Defendants from selling, disposing, or transferring assets, other than ordinary, personal expenditures, until the Judgment is satisfied;

6. That the Court grant an order declaring the Defaulted Entities and the other Defendants alter egos or one in the same for the purposes of paying the Judgment;

7. That the Court grant an order requiring all the Defendants named herein to satisfy the Judgment; and

8. That the Court award any other relief, including pre and post judgment interest, to which the Del Grandes and/or Win, Inc., may be entitled in law or in equity.

## V.  DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by twelve-person jury on all issues so triable.

DATED this 1st Day of March, 2021.

                WESTERN JUSTICE ASSOCIATES, PLLC

                */s/ Maxwell E. Kirchhoff, Esq.*
                MAXWELL E. KIRCHHOFF, ESQ.
                303 W. Mendenhall, Suite 1
                Bozeman, MT 59715